IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JONATHAN WHITNEY BRYANT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 24-207-CFC-EGT |
| ) | |
| JAMES T. VAUGHN CORRECTIONAL ) | |
| CENTER et al., ) | |
| ) | |
| Defendants. ) | |

**REPORT AND RECOMMENDATION**

Plaintiff Jonathan Whitney Bryant, an inmate at James T. Vaughn Correction Center ("JTVCC"), filed this action pursuant to 42 U.S.C. § 1983. (D.I. 1). Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 6). The Court proceeds to screen the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a). For the reasons set forth below, the Court recommends that the claims against Sergeant Carter, Correctional Officer Banya and Correctional Officer Jolly be DISMISSED WITHOUT PREJUDICE. The Court further recommends that the claim against JTVCC be DISMISSED WITH PREJUDICE.

**I.    BACKGROUND**

According to the Complaint, Plaintiff attempted to mail an envelope addressed to "CDBaby.com" on the morning of January 13, 2024. (D.I. 1 at 5). Plaintiff handed the envelope to Correctional Officer Jolly, with Sergeant Carter present. (*Id.*). Later that same day, Plaintiff spoke with Correctional Officer Banya, who told Plaintiff that he found his letter and that next time he should mail it out during the 4-12 p.m. shift. (*Id.*). Despite CDBaby.com usually only taking a few days to respond, Plaintiff had received no response by February 9, 2024. (*Id.* at 5). The envelope apparently contained business information between CDBaby.com and Plaintiff, as

well as some of Plaintiff's personal information. (*Id.* at 6). Plaintiff alleges that his mail is "missing" between Correctional Officers Jolly and Banya. (*Id.*).

Although there is a grievance procedure at JTVCC, Plaintiff claims that he did not file a grievance concerning the alleged conduct because he was afraid. (D.I. 1 at 8). Plaintiff instead filed the present Complaint, which was docketed on February 15, 2024. (*Id.* at 11).

## II.     LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. §§ 1915(e)(2)(B) and 1915A if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013) (quotation marks omitted); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (civil actions filed by prisoners seeking redress from governmental entities or government officers and employees). The Court must accept all factual allegations in a complaint as true and view them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020). Rather, a claim is deemed frivolous only where it relies on an "'indisputably meritless legal theory' or a 'clearly baseless' or 'fantastic or delusional' factual scenario.'" *Id.*

The legal standard for dismissing a complaint for failure to state a claim pursuant to §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). Before

dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, however, the Court must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Ad. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014). A complaint may not be dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 11.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" entitlement to relief. *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)). Determining whether a claim is plausible is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

### III. DISCUSSION

#### A. Claims Against Defendants Carter, Banya and Jolly

Prisoners have a First Amendment right to send and receive mail. *See Jones v. Brown*, 461 F.3d 353, 358 (3d Cir. 2006). That being said, courts have generally held that "a single, isolated interference with . . . personal mail [is] insufficient to constitute a First Amendment violation." *Nixon v. Sec'y Pa. Dep't of Corr.*, 501 F. App'x 176, 178 (3d Cir. 2012); *see also Bieregu v. Reno*,

3

59 F.3d 1445, 1452 (3d Cir. 1995) ("We decline to hold that a single instance of damaged mail rises to the level of constitutionally impermissible censorship."), *abrogated on other grounds by Lewis v. Casey*, 518 U.S. 343 (1996); *see also Davis v. Goord*, 320 F.3d 346, 351 (2d Cir. 2003) ("[A]n isolated incident of mail tampering is usually insufficient to establish a constitutional violation.").

Plaintiff's short Complaint seems to allege nothing more than that his mail was misplaced on one occasion. After giving his mail intended for CDBaby.com to a correctional officer in the morning, Plaintiff was informed by a separate correctional officer that he found said piece of mail in the afternoon and that, in the future, Plaintiff should mail correspondence during the 4-12 p.m. shift. (D.I. 1 at 5-6). The Complaint further alleges that Plaintiff had not yet received an expected response from CDBaby.com several weeks after Plaintiff attempted to mail the original envelope. (*Id.*). The Complaint does not allege intentional interference with Plaintiff's mail. Even when the Complaint is liberally construed and all reasonable inferences are drawn in Plaintiff's favor, the most Plaintiff alleges is that his mail was lost or misplaced once. Such a claim for lost mail is not actionable under § 1983. *See, e.g., Williams v. Frame*, 821 F. Supp. 1093, 1098 (E.D. Pa. 1993). Additionally, Plaintiff pleads no facts in the Complaint that would permit the Court to reasonably infer that this loss of his mail is a routine occurrence. The Court recommends that the claims against the three correctional officer Defendants be dismissed pursuant to §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

That being said, if properly pled, a pattern or practice of unconstitutionally interfering with a prisoner's use of the mail is a cognizable claim. *Jones*, 461 F.3d at 358. Therefore, amendment would not be futile here, and Plaintiff should be provided an opportunity to amend his claims as to Defendants Carter, Banya and Jolly. *See, e.g., Shane v. Fauver*, 213 F.3d 113, 117 (3d Cir.

2000) ("[D]ismissal without leave to amend is justified only on the grounds of bad faith, undue delay, prejudice, or futility."); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). The Court thus recommends that the aforementioned claims be dismissed with leave to amend.

### B. Claims Against James T. Vaughn Correctional Center

Plaintiff's claim against JTVCC fails because it is a state prison that is entitled to immunity from suit in federal court under the Eleventh Amendment. *See Baker v. James T. Vaughn Corr. Ctr.*, 425 F. App'x 83, 84 (3d Cir. 2011). "[A]lthough Congress can abrogate a state's sovereign immunity, it did not do so through the enactment of 42 U.S.C. § 1983." *Id*. Delaware has not waived its Eleventh Amendment immunity. *See Jones v. Att'y Gen. of Delaware*, 737 F. App'x 642, 643 (3d Cir. 2018) (per curiam); *see also Hawkins v. Fam. Ct.*, C.A. No. 23-1430 (MN), 2024 WL 2258661, at *2 (D. Del. May 17, 2024). Therefore, the Court recommends that Plaintiff's claim against JTVCC be dismissed with prejudice pursuant to §§ 1915(e)(2)(B)(iii) and 1915A(b)(2).

## IV. CONCLUSION

For the foregoing reasons, the Court recommends that (1) Plaintiff's claims as to Sergeant Carter, Correctional Officer Banya and Correctional Officer Jolly be DISMISSED WITHOUT PREJUDICE and (2) Plaintiff's claim against JTVCC be DISMISSED WITH PREJUDICE. The Court further recommends that Plaintiff be given thirty (30) days from the date this Report and Recommendation is adopted to file an amended pleading.

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b)(1) and District of Delaware Local Rule 72.1. Any objections to the Report and Recommendation shall be limited to ten (10) double-spaced pages and filed within fourteen (14) days after being served with a copy of this Report and Recommendation. *See* Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d). Failure of a party to object to legal conclusions

may result in the loss of the right to *de novo* review in the District Court. *See Sincavage v. Barnhart*, 171 F. App'x 924, 925 n.1 (3d Cir. 2006); *Henderson v. Carlson*, 812 F.2d 874, 878-79 (3d Cir. 1987).

Parties are directed to the court's "Standing Order for Objections Filed Under Fed. R. Civ. P. 72," dated March 7, 2022, a copy of which is available on the court's website, https://www.ded.uscourts.gov.

Dated: March 17, 2025

_____
UNITED STATES MAGISTRATE JUDGE